IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL D. RUSS, | |
| Petitioner, | |
| v. | Case No. 3:22-CV-02125-NJR |
| TYRONE BAKER, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on several post-judgment motions filed by Petitioner Carl D. Russ. Russ, an inmate of the Illinois Department of Corrections, sought a petition for a writ of habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state convictions. (Doc. 1). On January 14, 2026, the Court denied the petition, declined to issue a Certificate of Appealability, and entered judgment accordingly. (Docs. 50, 51). On January 27, 2026, Russ filed a motion to vacate the judgment dismissing his petition. (Doc. 52). The Court denied that request because Russ merely stated that he did not agree with the Court's decision. (Doc. 53).

On February 13, 2026, Russ filed a notice of appeal of the Court's judgment, as well as another motion to vacate the judgment, and a motion for leave to proceed *in forma pauperis* on appeal. The basis for Russ's motion to vacate (Doc. 54) is not entirely clear. It appears that he relies on Federal Rule of Civil Procedure 59(e), and he once again states that he "do[es] not agree with the decision." (*Id.*). But mere expressions of disagreement with an order are not a basis for relief. *See Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016). And it is well-settled

that a motion under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). Russ's motion therefore will be denied.

Russ also has filed a motion for leave to proceed *in forma pauperis* ("IFP") in his appeal (Doc. 56). A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A); *see also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2000). The motion to proceed IFP must also be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Russ's motion describes his indigency, and he attached a certificate of his prison trust fund disclosing that the balance of his account was approximately $48 as of January 15, 2026. (Doc. 56-2 p. 2). He also describes the issues that will form the basis of his request for a certificate of appealability from the Seventh Circuit. (Doc. 56 p. 5). The Court is satisfied that Russ is indigent. The remaining issue, then, is whether his appeal is taken in good faith.

The Seventh Circuit has explained that the good faith standard governing motions for IFP on appeal is less demanding than the standard for issuance of a certificate of appealability. *See Walker*, 216 F.3d at 631-32. To be entitled to a certificate of appealability, the applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005). To proceed IFP, however, an appellant must merely show that the appeal is taken in good faith, *i.e.*, that a reasonable person could suppose the appeal has some merit. *Walker*, 216 F.3d at 632. As such, an unsuccessful movant under § 2255 "may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability." *Jennings v. United States*, 472 F. Supp. 2d 1067, 1070 (S.D. Ill. 2006) (citing *Walker*, 216 F.3d at 631-32).

Here, the Court declined to issue a certificate of appealability when it dismissed Russ's § 2254 petition. (*See* Doc. 50 p. 17). Nevertheless, the undersigned believes that Russ raises his grounds for appeal in good faith. Based on his affidavit, Russ intends to raise arguments regarding whether his trial and appellate counsel were ineffective for failing to object to the state's failure to reinstate certain nol-prossed charges. Although the Court has assessed his claims as unavailing, the Court finds that Russ's appeal is taken in good faith and that a reasonable person could suppose the appeal has some merit.

Accordingly, it is **ORDERED** that Russ's Motion to Vacate and Reinstate (Doc. 54) is **DENIED,** and the Motion for Leave to Appeal *in forma pauperis* (Doc. 56) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  February 17, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**